**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **CHERYL BERMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **8:05CV385** |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,** R. James Nicholson, Secretary, | ) ) ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |
| **CHERYL BERMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **8:05CV445** |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,** R. James Nicholson, Secretary, | ) ) ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the court on the defendant's motions to consolidate (Filing No. 13 in Case No. 8:05CV385 and Filing No. 5 in Case No. 8:05CV445). The defendant contends the above-captioned cases should be consolidated pursuant to Federal Rule of Civil Procedure 18(a) because the two cases are identical and the facts and issues substantially overlap. Both cases relate to the plaintiff's allegations of age discrimination and retaliation during her employment with the defendant. The plaintiff does not oppose the motions.

Under Rule 18(a) a party may join as many claim as the party has against an opposing party. Furthermore, Rule 42(a) provides that:

> When actions involving a common question of law or fact are
> pending before the court, it may order a joint hearing or trial of

any or all the matters in issue in the actions; it may order all
the actions consolidated; and it may make such orders
concerning proceedings therein as may tend to avoid
unnecessary costs or delay.

"Consolidation of separate actions presenting a common issue of law or fact is permitted under Rule 42 as a matter of convenience and economy in judicial administration.  The district court is given broad discretion to decide whether consolidation would be desirable and the decision inevitably is contextual.  The consent of the parties is not required by the rule."  9 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure:* Civil 2d § 2383 (1995).  Whether to grant a Rule 42(a) motion to consolidate is within the sound discretion of the court.  *United States Envtl. Prot. Agency v. Green Forest*, 921 F.2d 1394, 1402-03 (8th Cir. 1990).  The court must weigh the savings of time and effort that would result from consolidation against any inconvenience, expense, or delay that it might cause.  Wright & Miller, *supra*, § 2383*.*  "[D]istrict courts generally take a favorable view of consolidation . . . ."  *Id.*  Furthermore, "[a]ctions involving the same parties are apt candidates for consolidation."  *Id.* § 2384.  However, under Fed. R. Civ. P. 42(b), consolidation is considered inappropriate "if it leads to inefficiency, inconvenience, or unfair prejudice to a party."  *EEOC v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998).

The court finds that Case No. 8:05CV385 presents common issues of law and fact with Case No. 8:05CV445.  Furthermore, consolidation of these matters will promote judicial economy.  The same parties and claims are involved in both actions.  Thus, the court believes consolidation will not lead to inconvenience, inefficiency, or unfair prejudice.  Therefore, pursuant to Fed. R. Civ. P. 42(a), *Cheryl Berman v. United States Department of Veterans Affairs*, 8:05CV385 and *Cheryl Berman v. United States Department of Veterans Affairs*, 8:05CV445 will be consolidated for all purposes.  Upon consideration,

**IT IS ORDERED:**

1.     The defendant's motions to consolidate (Filing No. 13 in Case No. 8:05CV385 and Filing No. 5 in Case No. 8:05CV445) are granted.

2.      Case No. 8:05CV385 and Case No. 8:05CV445 are hereby consolidated for all purposes.

DATED this 19th day of December, 2005.

BY THE COURT:

 s/ Thomas D. Thalken
United States Magistrate Judge